UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICK HILL, RICKEAY HILL, PAUL HILL, ORVILLE HILL, JERRY HILL, and EVERETT HILL, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 14-CV-0093-CVE-TLW |
| CROWN MINI STORAGE, LTD d/b/a I-44 Mini Storage, previously named as I-44 Mini Storage, OWNERS, PROPERTY MANAGERS (TRACY AND DOUG), EMPLOYEES, AFFILIATES, JOHN DOE, and JANE DOE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant Crown Mini Storage, Ltd.'s (Crown) Motion to Dismiss and Brief in Support (Dkt. # 6). Crown argues that plaintiffs Orville Hill, Jerry Hill, and Everett Hill died before the case was filed, and Rick Hill has not alleged that he is the legally appointed representative of the estates of the deceased plaintiffs. Dkt. # 6, at 2-3. Crown further argues that Rick Hill is proceeding pro se and he is not authorized to represent any other plaintiff, and that Rick Hill has not stated a claim upon which relief can be granted. Id. at 3. Plaintiff Rick Hill has filed a response to the motion to dismiss. Dkt. # 11.

**I.**

Rick Hill, on behalf of himself and the other named plaintiffs, alleges that Crown and its employees illegally seized and sold property that was placed in a storage facility rented by Rick Hill. Dkt. # 1-1, at 6. Rick Hill claims that the property included personal identifying information,

sensitive information about the Tulsa Jail, top secret information about "Area 51" and other secret military installations, evidence of crimes committed by law enforcement officials, and a collection of memorabilia. Id. at 6-8. Plaintiffs value the memorabilia alone at over $700,000. Plaintiffs claim that Crown has violated the Oklahoma Residential Landlord and Tenant Act, OKLA. STAT. tit. 41, § 101 et seq., and they seek over $50,000,000 in compensatory damages for each plaintiff. Id. at 6. Crown removed the case to federal court based on diversity jurisdiction.[1] Dkt. # 1.

Plaintiffs have attached to the petition a copy of the rental agreement for the storage facility and a tenant information letter. Id. at 11-14. The rental agreement was executed on February 22, 2010, and it states that :

> **DEFAULT:** Five (5) days after Tenant's failure to pay any rent due or immediately upon Tenant's breach of any other term hereof, Lessor shall have the right to bar Tenant's access to the premises by placement of lock thereon, which Tenant lacks the means to open, and Lessor shall have a lien upon and security interest in all property contained within the premises. Thirty days after Tenant's failure to pay rent or immediately upon Tenant's breach of any other term hereof Tenant's rights in the premises shall terminate, and Lessor shall have the right to enter the premises, re-let same, remove all property therefrom and sell same as a secured party pursuant to the Oklahoma Landlord and Tenant Act.

Id. at 12. Rick Hill signed the rental agreement as the lessee and none of the other named plaintiffs is identified as a lessee. Rick Hill has also attached a letter showing that he had notice that Crown

---

[1] Although plaintiffs have named "owners," "property managers," and "employees" as defendants, these defendants are not specifically identified and these defendants are sued under fictitious names. Under the federal removal statutes, defendants sued under fictitious names do not destroy diversity jurisdiction and the presence of fictitious defendants is not a bar to removal. McPhail v. Deere & Co., 529 F.3d 947 (10th Cir. 2008). As the Court will also explain, plaintiffs may not ordinarily sue individual employees of a corporation for acts done in their capacity as employees of a corporation as a matter of Oklahoma law, and the "owners, "property managers," and "employees" are not proper parties. There is complete diversity between plaintiffs, citizens of Oklahoma, and Crown, a citizen of California, and the Court has jurisdiction over this case.

was going to put the property in the storage unit up for auction. Id. at 17-18. Neither in the complaint nor the attached documents does Rick Hill make any allegation that Crown mistakenly believed that Rick Hill was in default.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

3

**III.**

Defendants argue that the only proper plaintiff named in the petition is Rick Hill, and the claims of the other named plaintiffs should be dismissed. Dkt. # 6, at 2-3. Plaintiffs have not responded to this argument. Dkt. # 11. The petition clearly states that Orville Hill, Jerry Hill, and Everett Hill are deceased. Dkt. # 1-1, at 5. As a matter of Oklahoma law, a party's right to bring many types of civil claims terminates upon that party's death but any claim that survives the death of the party may be asserted on behalf of the deceased by the legally appointed representative of the deceased's estate. Swearingen v. Bank of Oklahoma, 134 P.3d 922, 925 (Okla. Civ. App. 2006). Rick Hill does not allege that he is legally authorized to act on behalf of the estates of Orville Hill, Jerry Hill, or Everett Hill, and he may not assert claims on their behalf. The Court also notes that plaintiff Rick Hill is proceeding pro se and he may not represent any other person in federal court. Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"). Plaintiffs Rickeay Hill, Paul Hill, Orville Hill, Jerry Hill, and Everett Hill cannot be represented by pro se plaintiff Rick Hill, and those plaintiffs should be dismissed as parties. The only claims that the Court will consider in this Opinion and Order are the claims of plaintiff Rick Hill, because he is the only plaintiff who has signed a pleading or entered an appearance in this case.

Construing the allegations of the petition broadly, it appears that Rick Hill is attempting to allege negligence claims against Crown and its employees and he could be alleging that defendants committed burglary by removing items from a storage unit rented by Rick Hill. Dkt. # 1-1, at 10. There are no specific allegations against the owners, managers, or employees of Crown and defendants are correct that Rick Hill's claims against these defendants could be dismissed for failure

4

to state a claim. However, defendants also argue that the individual defendants are not proper parties, because a person acting in his or her capacity as an employee cannot ordinarily be sued for the alleged wrongful acts of a corporation. Oklahoma has adopted the majority view that "an employer is liable for the torts of its employee occurring in the course and scope of employment, although the employee is personally immune from suit." Hooper by and through Hooper v. Clements Food Co., 694 P.2d 943, 944 (Okla. 1985). In some cases, individual employees may be held liable for intentional torts that exceed the scope of their employment. See Baker v. Saint Francis Hosp., 126 P.3d 602, 605 (Okla. 2005); Rodebush by and through Rodebush v. Oklahoma Nursing Homes, Ltd., 867 P.2d 1241, 1245-46 (Okla. 1993). There are no specific allegations against the individual defendants and Rick Hill has not alleged that these defendants were acting outside the scope of their employment. The individual defendants cannot be sued in their capacity as employees of Crown, and the claims against the individual defendants should be dismissed.

Rick Hill's claims against Crown are based on his assertion that the Oklahoma Residential Landlord and Tenant Act does not allow the owner of a storage facility to seize and sell the property of a renter of a storage unit. However, the Oklahoma Residential Landlord and Tenant Act is not applicable to this case and, instead, the Self-Service Storage Facility Lien Act, OKLA. STAT. tit. 42, § 191 et seq., governs the relationship between the parties. In the case of default by a renter of a storage unit, the owner of the storage facility can sell the contents of the storage unit after giving the renter notice of default. OKLA. STAT. tit. 42, § 197. The Court has reviewed the petition and Rick Hill does not allege that he made payments for use of the storage unit or that Crown wrongfully believed that Rick Hill was in default. Dkt. # 1-1, at 5-8. In fact, the documentation attached to the petition shows that Rick Hill had notice of the sale and he asked Crown to "negotiate a settlement

5

with the lease holder." Id. at 17. Crown had a right to sell or dispose of property left in a storage unit by a renter in default, and Rick Hill has not alleged that any facts suggesting that Crown mistakenly believed that he was in default. Construing Rick Hill's pro se allegations broadly, he has not stated a claim against Crown and this case should be dismissed.

**IT IS THEREFORE ORDERED** that defendant Crown Mini Storage, Ltd.'s Motion to Dismiss and Brief in Support (Dkt. # 6) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 22nd day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE